UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABLE FREDDIE JOHNSON, | Case No. 2:21-cv-09661-FLA-JC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| W. MONTGOMERY, | |
| Respondent. | |

On or about December 10, 2021, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which was formally filed on December 13, 2021.[1]

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] Petitioner's signature on the Petition is undated and the Petition is not accompanied by a proof of service. The Petition was in an envelope postmarked December 10, 2021, and was received by the Clerk on December 13, 2021.

removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. Petitioner's conviction became final on December 10, 2019, *i.e.*, ninety (90) days after the California Supreme Court denied his petition for review on September 11, 2019 – when petitioner's time to file a petition for certiorari with the United States Supreme Court expired.² See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition). Therefore, the statute of limitations commenced to run on December 11, 2019 and absent tolling, expired on December 10, 2020 – more than a year before petitioner filed the instant Petition.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-

---

²The Petition incorrectly reflects that petitioner's petition for review to the California Supreme Court bore the same case number and had the same disposition date as his direct appeal to the California Court of Appeal. (Petition at 2-3 (reflecting that both petitioner's appeal to the California Court of Appeal and petition for review to the California Supreme Court bore Case No. B289925 and were decided on June 26, 2019)). This Court takes judicial notice of the docket for California Supreme Court Case No. S257083 which reflects that petitioner's petition for review was filed in such court on July 29, 2019 and that it was denied on September 11, 2019. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled."  Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).  Here, petitioner is not entitled to statutory tolling because he has not filed any application for State post-conviction or other collateral review with respect to the judgment in issue. (Petition at 3 (indicating petitioner has not previously filed any habeas petitions in state court with respect to the judgment/conviction in issue)).  Accordingly, statutory tolling does not render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that:  (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to demonstrate that he is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  Here, it does not appear from the face of the Petition and supporting documents that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc).  "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt."  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995).  In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at 324.  The

habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE within twenty (20) days of the date of this Order, why this action should not be dismissed as time-barred.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action with prejudice based upon

///
///
///
///

petitioner's claims being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.

    IT IS SO ORDERED.

DATED: December 17, 2021

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment